THE STATE OF OHIO, DEPT. OF COMMERCE, DIV. OF SECURITIES, APPELLANTS, *v.* BUCKEYE FINANCE CORP. ET AL., APPELLEES.

(No. 77-598—Decided June 21, 1978.)

408

Mr. *William J. Brown*, attorney general, and *Mr. Donald A. Antrim*, for appellants.

Messrs. *Alexander, Ebinger, Holschuh, Fisher & McAlister* and Mr. *John D. Holschuh*, for appellees William Earl, C. Carlton Hartly and Milton Lustnauer.

Messrs. *Folkerth, Calhoun, Webster, Maurer & O'Brien* and Mr. *Geoffrey Stern*, for appellee William McMenamy, Jr.

Messrs. *Lombardo & DeVictor* and Mr. *Robert L. DeVictor*, for appellee Angelo Dallas.

Messrs. *Brownfield, Kosydar, Bowen, Bally* and *Sturtz* and Mr. *C. William Brownfield*, for appellees Samuel N. Alford and Samuel C. Alford.

Messrs. *Vorys, Sater, Seymour & Pease* and Mr. *Robert W. Werth*, for appellee Buckeye Finance Corp.

O'NEILL, C. J. The issue before this court is whether the trial judge properly denied the plaintiffs' motion for leave to file the amended complaint.

Under Civ. R. 15, "a party may amend his pleading only by leave of court or by written consent of the adverse party," except in circumstances not relevant here. The rule further provides that "[l]eave of court shall be freely given when justice so requires."

The trial judge held that the statute on which the plaintiffs relied, R. C. 1707.26, did not authorize them to sue for the relief prayed for.

Thus, the issue here involves the proper interpretation of R. C. 1707.26.

The question is not whether certain remedies—rescission and restitution—lie within the equitable jurisdiction of the Court of Common Pleas. The question is whether the plaintiffs, as administrative agents of the state, have statutory authority to sue for those remedies on behalf of purchasers of securities. We hold that they do not.

It would be unreasonable to infer such authority from the general language of R. C. 1707.26, when, in other sections of the code, the General Assembly has taken pains to create similar causes of action in purchasers of securities explicity, rather than by implication. For example, under R. C. 1707.41, a purchaser has an action for damages against anyone who advertises securities by a prospectus which falsely represents the offering. Under R. C. 1707.42, the purchaser can sue for damages against anyone who, without disclosing his financial interest in the transaction, advises him to buy securities and receives a commission on the sale. Under R. C. 1707.43, any contract for the sale of securities which violates the Ohio Securities Act (R. C. 1707.01 to 1707.45) is voidable at the election of the purchaser, and under certain conditions the purchaser has an action for the purchase price, plus taxable court costs, against "every person who has participated in or aided the seller in any way" in making the sale.

By contrast with these specific provisions, R. C. 1707.26 says only that in addition to injunctions against deceptive or fraudulent acts, practices, or transactions, or acts in violation of the Ohio Securities Act, the Director of Commerce may obtain "such other relief as the facts warrant."

This court holds that if the General Assembly had meant "other relief" to include rescission and restitution, it would have said so in language as explicit as that used in R. C. 1707.41, 1707.42, and 1707.43.

R. C. 1707.40 supports this conclusion. It states, in part, that "[s]ections 1707.01 to 1707.45, inclusive, of the Revised Code create no new civil liabilities * * * other than as specified in sections 1707.41, 1707.42, and 1707.43 of the Revised Code * * *."

It is significant that H. B. No. 339, now pending in the General Assembly, would amend R. C. 1707.40 by removing the quoted provision. It would also enact R. C. 1707.23(J), which would expressly authorize the Division of Securities to sue for the type of relief prayed for in the

amended complaint. The proposed enactment reads: "In any action authorized by Chapter 1707, of the Revised Code, [the Division of Securities may] make a claim for restitution, re[s]cission, or damages on behalf of the persons injured by the act or practice constituting the subject matter of the action."[2]

The fact that the supporters of H. B. No. 339 have thought it advisable to seek express legislative authority for the claims presented in the amended complaint suggests that the authority does not exist under the present statutes.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[2]H. B. No. 339, 112th Ohio General Assembly, Regular Session (1977-1978).